UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEITH RICHARD CARPENTIER,

           Plaintiff,           CASE NO: 3:09-cv-1241-J-20HTS

vs.

WALTER A. MCNEIL, as SECRETARY of the
FLORIDA DEPARTMENT OF CORRECTIONS;
BARRY REDDISH, as WARDEN of the UNION
CORRECTIONAL INSTITUTION; JAMES E.
DAVIS, in his individual capacity; DEREK P.        **JURY TRIAL DEMANDED**
GIBSTEIN, in his individual capacity;
MICHAEL WIGGS, in his individual capacity;
JOHN CARTER, in his individual capacity;
BENNETT KILGORE, in his individual capacity;
J. GRAY, in his individual capacity; and
J. CROW, in his individual capacity;

           Defendants.

## FIRST AMENDED COMPLAINT

Plaintiff, Keith Richard Carpentier, brings this civil action against Defendants, Walter A. McNeil, as Secretary of the Florida Department of Corrections; Barry Reddish, as Warden of the Union Correctional Facility; and the following persons in their individual capacities: James E. Davis, Derek P. Gibstein, Michael Wiggs, John Carter, Bennett Kilgore, J. Gray, and J. Crow, and alleges:

1. This is a civil rights action brought by Keith Richard Carpentier, formerly an inmate at the Union Correctional Institution, pursuant to 42 U.S.C. § 1983, seeking damages for Defendants' use of excessive force in violation of the Eighth and Fourteenth Amendments to the

United States Constitution and for retaliation in violation of the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. Mr. Carpentier grounds his claim for damages caused by the deprivation of his rights secured by the First, Eighth, and Fourteenth Amendments to the United States Constitution in 42 U.S.C. § 1983, which authorize this action to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to him by the Constitution and laws of the United States.

3. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution of the United States.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation, under color of state law, of rights secured to Mr. Carpentier by the First, Eighth, and Fourteenth Amendments to the United States Constitution.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4) because this action seeks to recover damages, or any other relief as the Court may deem just and proper, under any Act of Congress providing for the protection of civil rights.

6. Mr. Carpentier grounds his claim for attorneys' fees and costs in 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to the prevailing plaintiff in an action or proceeding to enforce the provisions of 42 U.S.C. § 1983.

7. Mr. Carpentier has not been incarcerated or otherwise confined in prison, jail, or other correctional facility since May 8, 2010. Because Mr. Carpentier was incarcerated at the time of filing the Complaint in the United States District Court, Middle District of Florida, the

provisions of the Prison Litigation Reform Act (PLRA) of 1995, 42 U.S.C. § 1997e (2006), apply to this action. Mr. Carpentier has fully exhausted his administrative remedies.

## VENUE

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this District and a substantial part of the events and omissions giving rise to Mr. Carpentier's claims occurred in this District.

## PARTIES

9. Plaintiff Keith Richard Carpentier is a citizen of the United States currently residing in Brooksville, Florida. Mr. Carpentier was incarcerated at the Union Correctional Institution when the events giving rise to his claims occurred.

10. Defendant Walter A. McNeil is Secretary of the Florida Department of Corrections, which exercises control over and had a duty to supervise all prisoners at the Union Correctional Institution and Florida State Prison. He is sued in his official capacity.

11. Defendant Barry Reddish is Warden of the Union Correctional Facility. He is sued in his official capacity.

12. Defendant James E. Davis was a Correctional Officer Sergeant employed at Union Correctional Institution at all times material to this action. He is sued in his individual capacity.

13. Defendant Derek P. Gibstien was a Correctional Officer employed at Union Correctional Institution at all times material to this action. He is sued in his individual capacity.

14. Defendant Michael Wiggs was a Correctional Officer Sergeant employed at Union Correctional Institution at all times material to this action. He is sued in his individual capacity.

15. Defendant John Carter was a Correctional Officer employed at Union Correctional Institution at all times material to this action. He is sued in his individual capacity.

16. Defendant Bennett Kilgore was a Correctional Officer Lieutenant employed at Union Correctional Institution at all times material to this action. He is sued in his individual capacity.

17. Defendant J. Gray was a Correctional Officer employed at Union Correctional Institution at all times material to this action. He is sued in his individual capacity.

18. Defendant J. Crow was a Correctional Officer employed at Union Correctional Institution at all times material to this action. He is sued in his individual capacity.

19. At all times material to the events described herein, the individual Defendants were acting under color of state law.

## GENERAL FACTUAL ALLEGATIONS
## APPLICABLE TO ALL CLAIMS

20. Mr. Carpentier was a prisoner in the custody of the Florida Department of Corrections. At all times material to the Amended Complaint, he was incarcerated at Union Correctional Institution or Florida State Prison.

21. Mr. Carpentier was being treated with prescribed medication for anxiety attacks, paranoia, hallucinations, depression and nightmares/flashbacks.

## COUNT I: EXCESSIVE USE OF FORCE
## RESULTING IN INJURY
**(Against Defendants McNeil, Reddish, Davis, Gibstein, Carter, Wiggs, and Kilgore)**

22. Mr. Carpentier incorporates and realleges the allegations stated in paragraphs 1 through 21 herein.

23. Mr. Carpentier's right to be free from cruel and unusual punishment, which is guaranteed by the Eighth and Fourteenth Amendments, was violated by Defendants when they

4

knowingly and willfully used, directed, or authorized the excessive use of force against Mr. Carpentier maliciously and sadistically for the very purpose of causing harm and not in a good faith effort to maintain or restore discipline.

24. On or about October 21, 2008, while housed in the inpatient mental health transitional care unit on V-Dorm of the Union Correctional Institution, Mr. Carpentier was deprived of his evening medications by Alicia Forsyth, LPN during medication rounds.

25. At approximately 5:10 p.m., Mr. Carpentier suffered a severe anxiety attack. Shortly thereafter, a fire broke out in Mr. Carpentier's cell.

26. Officers James E. Davis ("Davis") and Gregory Stanley ("Stanley") responded to the fire with fire extinguishers. Davis and Stanley were able to extinguish the fire. They then ordered Mr. Carpentier to submit to handcuffing procedures, and he complied. The cell door was then opened while Mr. Carpentier was leaning against it. When the door was opened, Mr. Carpentier fell backwards onto the quad floor.

27. Mr. Carpentier was given several commands to stand up and walk to the medical treatment room, but was unable to comply due to the effects of the fire.

28. Defendants Davis and Correctional Officer Derek Gibstein ("Gibstein") used spontaneous force against Mr. Carpentier. They grabbed Mr. Carpentier by his wrists, which were handcuffed in front of Mr. Carpentier, and dragged him backwards to the quad four grill gate, and through the hall leading to the medical treatment room.

29. Defendant Davis told the other guards, in Mr. Carpentier's presence, "Boys, let's show this little f*** boy how we treat disobedient mental health patients here at Union C.I."

30. Once Mr. Carpentier—who was still suffering from his anxiety attack and excessive smoke inhalation—was in the treatment room with Officers Davis, Gibstein, Carter,

5

Wiggs, and Kilgore (collectively, "Officers"), the Officers, acting in concert with each other, stomped, kicked, choked, and punched Mr. Carpentier. The Officers also hit Mr. Carpentier with a metal chair, slammed his head against the concrete floor several times, and jumped on his knee, which had recently been treated for a staph infection.

31. During the beating, Defendant Kilgore stated, "Boys, we only have about another minute before we have to turn the use of force camera on so let's make it count."

32. Following this brutal beating, Mr. Carpentier was left on the floor bleeding, bruised and swollen.

33. As a consequence of Defendants' use of excessive force in violation of the Eighth and Fourteenth Amendments, Mr. Carpentier has suffered bodily injury resulting in severe pain and suffering, disfigurement, severe mental anguish, and aggravation of a previously existing condition.

34. There was a history of widespread abuse by Defendant Officers sufficient to put Defendants McNeil and Reddish on notice of the need to correct the deprivation of civil rights. Defendants' McNeil and Reddish failed to correct the constitutional violations when they had an opportunity and obligation to do so.

35. Defendants McNeil and Reddish had a custom or policy that leads to deliberate indifference to prisoners' constitutional rights, including the constitutional rights of Mr. Carpentier.

36. Mr. Carpentier filed numerous grievances about the October 2008 beating.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, costs, attorneys' fees pursuant to 42 U.S.C. § 1988, and trial by jury of all issues triable as of right by jury.

6

### COUNT II: EXCESSIVE USE OF FORCE
### RESULTING IN INJURY
### (Against Defendants McNeil, Reddish, Davis, Crow, and Gray)

37.     Mr. Carpentier incorporates and realleges the allegations stated in paragraphs 1 through 21 herein.

38.     Mr. Carpentier's right to be free from cruel and unusual punishment, which is guaranteed by the Eighth and Fourteenth Amendments, was violated by Defendants when they knowingly and willfully used, directed, or authorized the excessive use of force against Mr. Carpentier maliciously and sadistically for the very purpose of causing harm and not in a good faith effort to maintain or restore discipline.

39.     On May 3, 2009, at approximately 6:44 p.m., Mr. Carpentier was severely abused when Defendants Crow and Gray, both working under the order of Defendant Davis, slammed a steel door flap on Mr. Carpentier's hand.

40.     Mr. Carpentier screamed that his fingers were stuck in the flap, but Defendants Crow and Gray used their weight to lean against the outside of the flap crushing Mr. Carpentier's fingers.

41.     While Mr. Carpentier was screaming for help, Defendant Crow stated, "Sergeant Davis told us to tell you he says hello."

42.     While Mr. Carpentier was screaming for help, Defendant Gray also stated, "let's see you write grievances and letters now with a broken hand motherf*****."

43.     Mr. Carpentier also suffered severe bodily injury and excruciating pain as a result of the May 2009 incident.  Mr. Carpentier's hand was eventually released, the door flap was secured, and Mr. Carpentier's fingers were swollen and bloody.

44.     As a consequence of Defendants' use of excessive force in violation of the Eighth and Fourteenth Amendments, Mr. Carpentier has suffered bodily injury resulting pain and suffering, disfigurement, and severe mental anguish.

45.     There was a history of widespread abuse by Defendant Officers sufficient to put Defendants McNeil and Reddish on notice of the need to correct the deprivation of civil rights. Defendants' McNeil and Reddish failed to correct the constitutional violations when they had an opportunity and obligation to do so.

46.     Defendants McNeil and Reddish had a custom or policy that leads to deliberate indifference to prisoners' constitutional rights, including the constitutional rights of Mr. Carpentier.

47.     Mr. Carpentier filed numerous grievances about the May 2009 incident.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, costs, attorneys' fees pursuant to 42 U.S.C. § 1988, and trial by jury of all issues triable as of right by jury.

## COUNT III – RETALIATION

**(Against Defendants McNeil, Reddish, Davis, Crow, and Gray)**

48.     Mr. Carpentier incorporates and realleges the allegations stated in paragraphs 1 through 21 and paragraphs 37 through 47 herein.

49.     Defendants McNeil, Reddish, Davis, Crow, and Gray's conduct at the May 2009 incident violated Mr. Carpentier's right to exercise free speech as protected by the First and Fourteenth Amendments, which includes the right to file grievances.

50. Defendants McNeil, Reddish, Davis, Crow, and Gray's conduct at the May 2009 incident was in retaliation for Mr. Carpentier's act of filing a grievance about the October 2008 incident.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, costs, attorneys' fees pursuant to 42 U.S.C. § 1988, and trial by jury of all issues triable as of right by jury.

DATED: July 26, 2010.

**Respectfully Submitted,**

/s/Michael A. Abel
Michael A. Abel
Florida Bar No. 75078
Lanesha Sims
Florida Bar No. 30604
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
904.353.2000 (telephone)
904.358.1872 (facsimile)

*Court-Appointed Counsel for*
*Plaintiff Keith Richard Carpentier*

# 9643755_v1